IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE PAUL SKINNER | § | |
| (TDCJ No. 599362), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-1380-G-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Jesse Paul Skinner, a Texas inmate, has filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. No. 3. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss the habeas application with prejudice under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Skinner, a frequent litigant in state and federal court, is serving a life sentence for murder. In 2005, the Dallas Court of Appeals recounted this crime:

> In 1991, appellant was charged with the murder of Lottie Marie Kleam. At trial, evidence showed that appellant was Kleam's housekeeper and had cleaned her apartment just prior to her death. Investigators found no

> signs of forced entry into Kleam's apartment. Appellant's bloody thumbprint, as well as some strands of Kleam's hair, were found on a bloodstained brick inside the apartment. After the murder, appellant was seen driving a Cadillac similar to Kleam's and attempted to sell auto parts from a Cadillac. Kleam's car was found abandoned in a parking lot five or six blocks from appellant's mother's home. The car's battery, hubcaps, and stereo system were missing when it was found. A jury convicted appellant of murder and sentenced him to life imprisonment. In 1994, this court affirmed his conviction.

*Skinner v. State*, No. 05-04-00659-CR, 2005 WL 1253365, at *1 (Tex. App. – Dallas May 27, 2005, pet. ref'd); *see State v. Skinner*, No. F91-01803-IH (Crim. Dist. Ct. No. 1, Dallas Cty., Tex. Sept. 12, 1991), *aff'd*, 05-91-01305-CR (Tex. App. – Dallas Mar. 10, 1994, no pet.).

Skinner's habeas petition, however, implicates his unsuccessful attempts at release on parole. *See* Dkt. No. 3 at 6-9. More specifically, he brings two claims attacking the State's parole procedures on due process grounds. *See id.*

## Legal Standards and Analysis

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule

4 Advisory Committee Notes).

There is no constitutional right to conditional release prior to the expiration of a valid sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *see also Moore v. Davis*, No. A-18-CA-104-LY, 2018 WL 1902689, at *3 (W.D. Tex. Apr. 20, 2018) ("Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole." (citing *Greenholtz*, 442 U.S. at 7)), *rec. adopted*, Dkt. No. 14 (W.D. Tex. May 7, 2018).

And, "because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) (collecting cases); *accord Toney v. Owens*, 779 F.3d 330, 341-42 (5th Cir. 2015) (emphasizing *any*); *see also Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) ("[B]ecause Orellana has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions."); *Moore*, 2018 WL 1902689, at *2 (noting that "the parole decision maker is vested with *complete discretion* to grant, or to deny parole release" (quoting 37 TEX. ADMIN. CODE § 145.3(1); emphasis added in *Moore*)); *Toney*, 779 F.3d at 342 (noting that, "even if the parole board 'consider[ed] unreliable or even false information,'" that "'simply [would] not assert a federal constitutional violation'" (quoting *Johnson*, 110 F.3d at 308)).

That said, "[l]oss of good conduct time credits by Texas prisoners eligible for release on mandatory supervised release (both those convicted before and after Texas' September 1, 1996 amendment to its mandatory supervision statutes) sufficiently

affects the duration of their imprisonment as to warrant Due Process Clause protection because it inevitably effects the duration of the sentence." *Panell v. Stephens*, No. SA-15-CA-163-XR (HJB), 2015 WL 2091934, at *3 (W.D. Tex. May 5, 2015) (citing *Teague v. Quarterman*, 482 F.3d 769, 774-77 (5th Cir. 2007)). Thus, "[a]ny loss of good conduct time credits by a prisoner eligible for mandatory supervised release implicates the 'liberty' interests protected by the Due Process Clause." *Id.* (citing *Teague*, 482 F.3d at 779-80).

But Skinner, convicted of murder, in violation of Section 19.02 of Texas's Penal Code, is not eligible for release on mandatory supervision. *See* TEX. GOV'T CODE §§ 508.147(a) & 508.149(a)(2). And, "[i]f a Texas prisoner is ineligible for mandatory supervised release," that prisoner has "no federal constitutional claim for relief." *Panell*, 2015 WL 2091934, at *3 (citing *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002) (per curiam) ("Federal habeas relief is available only if a prisoner 'has been deprived of some right secured to him or her by the United States Constitution or by the laws of the United States.' ... Texas's mandatory supervision law in place prior to September 1, 1996 created a 'constitutional expectancy of early release.' Therefore, it must be determined if Arnold is eligible for mandatory supervision release. If he is not, Arnold does not have a constitutional claim for which relief can be granted." (quoting *Malachi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000))); citation omitted); *see also Ex parte Franks*, 71 S.W.3d 327, 327-28 (Tex. Crim. App. 2001) ("When applicant committed his crime in 1981, the law governing eligibility for release to mandatory supervision provided that an inmate not under a sentence of death 'shall be released

to mandatory supervision' when the 'calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced.' *See* Article 42.12, Section 15(c), V.A.C.C.P., (West 1981). This law has not substantively changed since then. *See* Section 508.147(a), Tex. Gov't Code (providing for release of inmate to mandatory supervision 'when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced'). Under a literal reading of this law, it is mathematically impossible to determine a mandatory supervision release date on a life sentence because the calendar time served plus any accrued good conduct time will never add up to life." (citation and footnote omitted)).

For these reasons, it plainly appears that Skinner is not entitled to relief. *See id.* (citing *Kiser*, and reaching the same conclusion); *see also, e.g., Lott v. Davis*, Civ. A. No. H-16-2972, 2016 WL 6093464, at *2 (S.D. Tex. Oct. 19, 2016) ("Absent a protected liberty interest in attaining parole, Lott cannot show that he was denied parole in violation of the Due Process Clause or that he is entitled to federal habeas corpus relief. The federal courts are authorized to dismiss federal habeas petitions without ordering a response where it plainly appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Because Lott's habeas petition lacks an arguable basis in law, it must be dismissed for that reason. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).").

## Recommendation and Direction to the Clerk of Court

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should

dismiss the application for a writ of habeas corpus with prejudice and also direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

-6-

DATED: June 14, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE